**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WOUDMAEL BAUGE,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:26-2331** |
| **v.** | : | **(JUDGE MANNION)** |
| **CRAIG A. LOWE, *et al.*,** | : | |
| **Respondents** | : | |

# MEMORANDUM

Pending before the Court is Petitioner Woudmael Bauge's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, (**Doc. 1**). For the reasons stated herein, the petition will be **DENIED**.

## I. BACKGROUND

Petitioner is a citizen and native of Haiti. (Doc. 4-3 at 1). Petitioner entered the United States without an immigrant visa at Hidalgo, Texas on February 3, 2023. *Id.*at 3. That same day, Petitioner was issued a Notice to Appear charging him under the Immigration and Nationality Act ("INA") as an immigrant without valid entry documents. (Doc. 4-2 at 4). Petitioner filed an application for asylum on December 18, 2023. (Doc. 1 at 7).

On March 22, 2024, Petitioner was arrested for bad checks, which was later dismissed on April 15, 2025. (Doc. 4-3 at 3). Petitioner was arrested for DUI on July 24, 2025, (*id.*), which resulted in a guilty plea, (Doc. 1 at 10).

Petitioner was taken into U.S. Immigration and Customs Enforcement ("ICE") custody on September 9, 2025. (Doc. 4-3 at 2). After Petitioner was detained, Petitioner's wife filed, on Petitioner's behalf, an I-130 Petition for Alien Relative on October 10, 2025, (Doc. 1-10), and Petitioner filed an I-485 Application to Adjust Status, (Doc. 1-11).

On April 3, 2026, Petitioner filed a habeas petition in the U.S. District Court for the Western District of Pennsylvania ("WDPA"), which the WDPA court granted-in-part and denied-in-part. (Doc. 4-4 at 3). The WDPA court found that Petitioner was detained under §1226(a) and ordered the Government to provide Petitioner with an individualized bond hearing. *Id.* The petition was denied in all other respects. *Id.* Pursuant to the WDPA court order, an immigration judge ("IJ") conducted a bond hearing on April 14, 2026, and denied bond under §1226(a) because Petitioner "ha[d] not met his burden of establishing that he is not a danger to the community." (Doc. 4-5 at 1).

On April 23, 2026, an IJ denied Petitioner's application for asylum and ordered him removed to Haiti, (Doc. 4-6 at 1, 3), which is currently on appeal to the Board of Immigration Appeals ("BIA"), (Doc. 1-19).

On August 12, 2026, Petitioner filed the present petition for habeas corpus. (Doc. 1). On August 27, 2026, Respondent filed a response to the

petition. (Doc. 4). On September 14, 2026, Petitioner filed a traverse. (Doc. 5). Thus, the petition is now ripe for disposition.

## II. DISCUSSION

Petitioner argues that his prolonged detention violates the Due Process Clause of the Fifth Amendment. (Doc. 1 at 22-23). In response, the Government argues that the Attorney General has statutory authority and discretion to detain Petitioner pending his decision on removal, the Court lacks jurisdiction to review the IJ's decision, Petitioner failed to exhaust administrative remedies, Petitioner received meaningful process under §1226(a), and Petitioner's detention is not prolonged. (Doc. 4 at 1, 4-5, 8).

### a. Jurisdiction

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3). However, the Court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited is some circumstances. *See*, *e.g.,* 8 U.S.C. §1226(e).

Petitioner is detained pursuant to 8 U.S.C. §1226(a). (Doc. 4 at 3) ("Specifically, the [WDPA] Court held that Mr. Bauge was detained under §1226(a) . . ."); *see also* (Doc. 4-4 at 3) (". . . [T]he [WDPA] Court concludes that: . . . Petitioner is subject to discretionary detention pursuant to §1226(a)

. . ."). §1226(a) allows for the Attorney General to arrest and detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. §1226(a). Pending that decision, the Attorney General "(1) may continue to detain the arrested alien; and (2) may release the alien on . . . bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or . . . conditional parole." 8 U.S.C. §1226(a)(1)-(2). When an alien is detained under §1226(a), they are entitled to a bond hearing where they can argue why they should be released from detention pending a final order of removal. *See Johnson v. Guzman-Chavez*, 594 U.S. 527 (2021); *see also Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 277-80 (3d Cir. 2018) (holding that individuals detained under §1226(a) are entitled to a bond hearing but not entitled to a second bond hearing after their first has been denied).

Relevant here, "[t]he Attorney General's discretionary judgment regarding the application of [§1226] shall not be subject to review. No court may set aside any action or decision by the Attorney General under [§1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. §1226(e); *see also White v. Lowe*, No. 1:25-CV-2431, 2026 WL 777425 at *3 (Mar. 19, 2026).

Petitioner was given an initial bond hearing on April 14, 2026. (Doc. 4-5). The IJ found that Petitioner "ha[d] not met his burden of establishing that he is not a danger to the community." *Id.* Barring any due process violation with the April 2026 bond hearing, which Petitioner does not appear to allege in his petition, any "relief the [C]ourt could grant would require the [C]ourt to either order an immigration judge to conduct a second bond hearing or conduct a second bond hearing on its own. Such a decision would amount to 'setting aside' the immigration judge's denial of bond, which is clearly barred by [§1226(e)]." *White,* 2026 WL 777425, at *3.

**b. Exhaustion of administrative remedies**

"A petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, 2025 WL 3772059, at *3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at *3 (E.D.Pa. Nov. 14, 2025)). Because Petitioner is challenging the constitutionality of his prolonged detention, the due process challenge is properly within this Court's jurisdiction. A challenge of the merits of the IJ's determinations at the bond hearing would appropriately be made to the BIA.

**c. Lawfulness of Petitioner's prolonged detention**

Petitioner argues that his detention has become unreasonably prolonged. (Doc. 1 at 22-23). The Third Circuit, in *Borbot*, left open the possibility that "despite an initial bond hearing, detention under §1226(a) might become unreasonably prolonged, whether by virtue of government delay or some other cause," and therefore permit a habeas corpus claim alleging violation of a petitioner's due process rights. 906 F.3d at 280. Because the *Borbot* court declined to decide "when, if ever, the Due Process Clause might entitle an alien detained under §1226(a) to a new bond hearing," (*id.*) that language "has led to conflicting decisions within this Circuit as to whether an individual may be entitled to a second bond hearing sooner than the roughly two-year timeframe analyzed in *Borbot*." *Blade, v. Lowe*, No. 4:26-CV-02188, 2026 WL 2984996, at *4 (M.D. Pa. Oct. 5, 2026).

The Third Circuit identified a "nonexhaustive list of four factors" in *German Santos* to determine whether continued detention has become unreasonable for due process purposes. 965 F.3d 203, 211-13 (3d Cir. 2020). In doing so, the Court recognizes that "[r]easonableness is a highly fact-specific inquiry." *Id.* at 210 (citation and internal quotation marks omitted). The "nonexhaustive list of four factors" for consideration are: (1) "the duration of detention"; (2) "whether the detention is likely to

continue"; (3) "the reasons for the delay"; and (4) "whether the alien's conditions of confinement are meaningfully different from criminal punishment." *Id.* at 211 (citation, internal quotation marks, and alteration omitted).

As explained below, after considering these factors, the Court concludes that Petitioner's continued detention has not become unreasonable such that Petitioner's detention warrants a new bond hearing.

**i. Duration of detention**

Petitioner received a bond hearing on April 14, 2026, following his detention on September 9, 2025. (Doc. 4-5). While Petitioner "ties the alleged due process violation with the overall length of his detention," "the due process right at issue here—and the duration that must be considered in determining whether such right has been violated by prolonged detention—must instead be tethered to the length of time since [Petitioner] previously received a bond hearing." *Viantsko v. Lowe*, No. 4:26-CV-00563, 2026 WL 963038, at *4 (M.D. Pa. Apr. 9, 2026); *see also* (Doc. 1 at 12) ("[Petitioner] has been detained in ICE custody for nearly a year. This length of time is prolonged and is strong evidence to support the need for a bond hearing."). As of the time of this Memorandum, just over six months have passed since Petitioner's prior bond hearing. While there may be a point at which

Petitioner's detention without a second bond hearing will become unreasonably prolonged, the Court finds that just over six months since the prior bond hearing does not reach the stage of unreasonably prolonged detention. Under these circumstances, this factor weighs against relief.

**ii. Likelihood of continued detention**

Petitioner argues that his immigration case is on appeal which could take "several months to over a year" and that he is entitled to petition for Third Circuit review should the BIA uphold the IJ's denial of relief. (Doc. 1 at 13). Petitioner's BIA appeal remains pending and there will be a delay of undefined duration. Under the circumstances, however, granting Petitioner relief would result in a new bond hearing and Petitioner's most recent bond hearing was just over six months ago. Accordingly, this second factor weighs against relief.

**iii. Reasons for delay**

There does not appear to be any unreasonable delay in the case due to actions by either party. The Court finds that the third factor is neutral.

**iv. Conditions of confinement**

Finally, the Court finds that Petitioner's conditions of confinement are not meaningfully different from criminal punishment. *See German Santos*, 935 F.3d 203 (holding that conditions at Pike County Correctional Facility were indistinguishable from criminal punishment); *see also Rahmatov v.*

*Lowe*, No. 3:26-CV-553, 2026 WL 837974, at *3 (M.D. Pa. Mar. 26, 2026) (holding that petitioner's confinement at Pike County Correctional Facility "looks penal"). The mere fact that Petitioner, a civil immigration detainee, is housed in a criminal facility among criminals suffices to show that his conditions of confinement do not meaningfully differ from criminal punishment. Where, as here, "civil detention under [§1226(a)] looks penal, that tilts the scales toward finding the detention unreasonable." *German Santos*, 965 F.3d at 211.

Thus, upon weighing the *German Santos* factors, the Court finds that Petitioner's detention, while concerning, has not become unreasonable. The Court notes, however, that Petitioner may file subsequent habeas petitions if it turns out this his detention does, in fact, become unreasonably prolonged.

## III. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241, (Doc. 1), will be **DENIED**. An appropriate order shall follow.

s/ Malachy E. Mannion
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 19, 2026**
26-2331-01